UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| LOUISIANA ENVIRONMENTAL ACTION NETWORK, | ) ) ) | |
|---|---|---|
| | ) | 3:10-cv-00187-JVP-SCR |
| *Plaintiff,* | ) ) | Judge: John V. Parker |
| v. | ) ) | Magistrate Judge: Stephen C. Riedlinger |
| CITY OF BATON ROUGE and PARISH OF EAST BATON ROUGE, | ) ) ) | |
| *Defendants.* | ) ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Louisiana Environmental Action Network ("LEAN") respectfully submits its Opposition to the Defendants' Motion to Dismiss (No. 7).

**Introduction**

The Clean Water Act provides that "any citizen may commence a civil action on his own behalf … against any person who is alleged to be in violation of (A) an effluent standard or limitation under this Act …" Clean Water Act § 505(a)(1), 33 U.S.C. § 1365(a)(1). The Defendants argue, however, that they are immunized from citizen enforcement by an 8-year old consent decree, although it is undisputed that the defendants are in violation of that decree and in violation of permits that the Louisiana Department of Environmental Quality ("LDEQ") issued subsequent to the decree's entry. The Amended Complaint (Docket No. 4) alleges "the City and Parish … are in violation of the consent decree," Amended Complaint at ¶ 1, and the "City and Parish's Discharge Monitoring Reports show that the City and Parish violate both the 85% reduction requirement … and the less stringent 75% reduction requirement set out in the consent decree, for BOD and TSS." *Id.* at ¶ 35. The Defendants do not dispute these allegations,

1

101-117

Case 3:10-cv-00187-BAJ-SCR   Document 10   06/24/10   Page 1 of 6

which—for purposes of a Motion to Dismiss—must be taken as true.  Further, the Amended Complaint alleges that "[n]either EPA nor LDEQ has commenced or is diligently prosecuting a civil or criminal action in court to redress the violations specified in the Notice and Revised Notice."  *Id*. at ¶ 6.  The Defendants do not provide any facts to refute that allegation.  Instead, they argue that the mere existence of an 8-year old consent decree–without regard to the defendants' violations of the decree–somehow establishes diligent prosecution.

## Standard of Review

The Fifth Circuit has explained that "In considering a motion to dismiss, the district court must take the facts as alleged in the complaint as true, and may not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Kennedy v. Chase Manhattan Bank USA, 369 F.3d 833, 839 (5th Cir. 2004) (internal quotation marks and citation omitted).

## Argument

I. **The mere existence of an 8-year old consent decree—in an administratively closed case—does not establish diligent prosecution to enforce subsequently issued permits.**

The Plaintiff's Complaint covers violations of the Defendants' current permits.  It is beyond dispute that LDEQ issued the permits at issue in this case approximately five years *after* entry of the consent decree, on August 9, 2007.[1]

An historical judgment "cannot be given the effect of extinguishing claims which did not even then exist …" Lawlor v. National Screen Service Corp., 349 U.S. 322, 328 (1955). Otherwise, the U.S. Supreme Court has explained, old judgments would "in effect confer … a

---

[1] The fact is subject to judicial notice because it is "not subject to reasonable dispute" and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The permits, with dated cover letters, are on LDEQ's Electronic Document Management System (EDMS) as EDMS Docs. 36195361, 36180778, and 36180776.  EDMS is available at https://edms.deq.louisiana.gov/app/security/logon.aspx?ref=http%3a%2f%2fedms.deq.louisiana.gov%2fapp%2fdoc%2fquerydef.aspx.

partial immunity from civil liability for future violations." Id. at 329.  In the context of the Clean Air Act, Northern District of California Judge Thelton Henderson explained that "every day of violation constitutes a new violation of the law—*i.e.*, a new wrong—and not just a compounding of injuries caused by earlier violations." Bayview Hunters Point v. Metropolitan Transp., 177 F. Supp.2d 1011, 1024 (N.D. Cal. 2001), *rev'd on other grounds*, 366 F.3d 692 (9th Cir. 2004). Therefore, Judge Henderson ruled:

> This Court finds the Supreme Court's analysis in *Lawlor* to be persuasive. Just as the public has a strong interest in the "vigilant enforcement" of antitrust laws, it also has a strong interest in the vigilant enforcement of the Clean Air Act. … As the Supreme Court noted, "Acceptance of the respondents' novel contention [that a prior judgment should bar subsequent claims] would in effect confer on them a partial immunity from civil liability for future violations. Such a result is consistent with neither the antitrust laws [or Clean Air Act] nor the doctrine of res judicata."

Id. (citing *Lawlor*). Thus, a "Consent Judgment does not bar [citizen suit] claims based upon events that post-date its execution." See Citizens Legal Environmental Action Network v. Premium Standard Farms, 2000 WL 220464 (W.D. Mo. 2000) at *17.  The Ninth Circuit has ruled: "It is well established that a judgment based on the parties' stipulation is only res judicata as to the period covered by the action, and is not entitled to collateral estoppel effect in an action for a later period." See U.S. v. California Portland Cement Co., 413 F.2d 161, 163 (9th Cir. 1969).

**II. Consent decrees do not change permit terms.**

Clearly a 2002 consent decree could not have modified the terms of permits that LDEQ issued five years later, on August 9, 2007.[2]  Consent decrees are settlement documents, not permit modifications.  Indeed, an argument that courts change permits via consent decrees issued in enforcement actions would be inconsistent with the Clean Water Act's direction that

---

[2] See fn. 1.

"challenges to permits issued under the Act 'shall not be subject to judicial review in any civil or criminal proceeding for enforcement.'" See Public Interest Research Group of New Jersey v. Yates Industries, Inc., 757 F. Supp. 438, 445 (D.N.J. 1991) (citing 33 U.S.C. § 1369(b)(2)).

Although a consent decree may contain a schedule for compliance and interim measures, such decrees do not supersede underlying permits. Eastern District of Louisiana Judge Sarah Vance therefore ruled under the Clean Air Act that an Administrative Order on Consent that set interim limits "represents no more than an understanding between the LDEQ and defendant that the LDEQ will forgo enforcing defendant's permit limits while defendant procures a new permit. Such representations by officials that a permit will not be enforced, without formal modification in the permit, 'will not excuse the holder from the terms of that permit.'" St. Bernard Citizens For Environmental Quality, Inc. v. Chalmette Refining, L.L.C., 399 F. Supp.2d 726, 735 (E.D. La., 2005) (quoting Yates, 757 F. Supp. at 445). See also U.S. v. Smithfield Foods, Inc., 191 F.3d 516, 524 (4th Cir. 1999) (affirming a district court's decision that a state order failed to modify Clean Water Act permit obligations where "none of the Board's Special Orders and letters were issued in accordance with the permit modification procedures"), *cert. denied* 531 U.S. 813 (2000); see also Frilling v. Village of Anna, 924 F. Supp. 821, 837 (S.D. Ohio, 1996) ("Defendant['s] . . . NPDES permit has not been properly modified, by the required procedures for modification set forth in [Ohio statute]. . . . Therefore, this Court must view the final effluent limitations in [the permit] as not being revoked or modified by any provision . . . in the Consent Order, and, therefore, as having full force and effect and as being enforceable.").

### III. The Defendants offer no facts to show diligent prosecution.

When enacting the Clean Water Act in 1972, Congress established "the national goal" to eliminate discharges in 13 years. 33 U.S.C. § 1251(a)(1) ("it is the national goal that the

discharge of pollutants into the navigable water be eliminated by 1985."). Here, the Defendants argue that they are immunized from liability for the same time period–13 years–by an 8-year old consent decree, regardless of whether they elect to comply with the decree.

To prove a defense of diligent prosecution, the Defendants must do more than point to a 2002 settlement – they must show ongoing, present tense, diligent enforcement. Indeed, the Clean Water Act phrases the defense in the present tense; it applies if EPA or the State "has commenced and is diligently prosecuting a civil or criminal action … to require compliance with the standard …." 33 U.S.C. § 1365(b)(1)(B). Congress' use of the present tense is important. See Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc., 484 U.S. 49, 57 (1987) (relying, *inter alia*, on the present tense in Clean Water Act language to rule that "[t]he most natural reading of 'to be in violation' is a requirement that citizen-plaintiffs allege a state of either continuous or intermittent violation."). Here, the Defendants are still in violation eight years after its settlement with the government. See Environmental Conservation Organization v. City of Dallas, 529 F.3d 519, 528 -529 (5th Cir. 2008) ("If a citizen-suit plaintiff demonstrates that there is a realistic prospect that the violations alleged in its complaint will continue notwithstanding the government-backed consent decree, then a less-than-diligent prosecution might have been shown.").

It is undisputed that the Defendants are not only violating their permits, they are violating the Consent Decree itself. Amended Complaint (Docket No. 4) at ¶ ¶ 1, 35. The Defendant has offered **no** evidence that EPA has moved to enforce the decree and has thus failed to rebut the Plaintiff's allegation of a lack of enforcement. Amended Complaint at ¶ 6. Under these circumstances, an historical consent decree that is not being complied with cannot bar the Plaintiffs' lawsuit. See Louisiana Environmental Action Network v. Sun Drilling Products Corp.,

5

101-117

Case 3:10-cv-00187-BAJ-SCR   Document 10   06/24/10   Page 5 of 6

— F.Supp.2d —, 2010 WL 2342381 at *5 (June 08, 2010, E.D .La. 2010) (denying a motion to dismiss a Clean Water Act lawsuit because of a government compliance order where "it is alleged, with sufficient supporting documentation, that the Defendant continues to violate the CWA."). Here, it is undisputed that the Defendants are in violation of both their permits and the consent decree.

## Conclusion

For all of the foregoing reasons, the Defendants' Motion to Dismiss must be DENIED.

Respectfully submitted on June 24, 2010,

s/ Adam Babich

_____

Adam Babich, La. Bar No. 27177
Tulane Environmental Law Clinic
6329 Freret Street
New Orleans, LA 70118-6321
Phone: (504) 865-5789; direct dial 862-8800
Fax: (504) 862-8721
*Counsel for Plaintiff Louisiana Environmental Action Network*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel of record by electronic means on June 24, 2010.

/s/ Adam Babich

_____

Adam Babich, SBN: 27177

Service list:

Robert H. Abbott , III
Office of the Parish Attorney
222 St. Louis St., Suite 902
Baton Rouge, LA 70802
225-389-3114 // Fax: 225-389-5554
Email: babbott@brgov.com