UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUISIANA ENVIRONMENTAL ACTION NETWORK, | ) ) ) 3:10-cv-00187-BAJ-SCR ) |
| *Plaintiff,* | ) ) Judge: Brian A. Jackson |
| v. | ) ) Magistrate Judge: Stephen C. Riedlinger |
| CITY OF BATON ROUGE and PARISH OF EAST BATON ROUGE, | ) ) ) |
| *Defendants*. | ) ) |

**PLAINTIFF'S SUR-REPLY
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Louisiana Environmental Action Network ("LEAN") respectfully submits its Sur-Reply in response to the Defendants' Reply (No. 15) and in opposition to the Defendants' Motion to Dismiss (No. 7). For its Sur-Reply, the Plaintiff states:

1. The Defendants' Reply relies on St. Bernard Citizens for Envtl. Quality, Inc. v. Chalmette Ref*., L.L.C*., 500 F. Supp. 2d 592 (E.D. La. 2007). But the analysis in that opinion has been superseded by the Fifth Circuit's opinion in Envtl. Conservation Org. v. City of Dallas, 529 F.3d 519, 525 (5th Cir. 2008) (rejecting a *res judicata* analysis for determining the impact of a government settlement).[1] Instead, the appropriate analysis in this circuit is one of mootness, which requires a plaintiff under such circumstances "to show a realistic prospect that the CWA violations alleged in its citizen suit will continue notwithstanding the consent decree." Id. at 529. In the context of a Motion to Dismiss, therefore, when the Plaintiff's allegations are taken

---

[1] In contrast, Judge Vance's earlier opinion followed the Seventh Circuit's approach to "determining whether a government enforcement action is *res judicata*". 500 F. Supp. 2d at 605-606. The Fifth Circuit declined to follow the Seventh Circuit's approach.
1

as true, it is sufficient that the Plaintiff has alleged that "the City and Parish will continue their violations until enjoined by this Court." Amended Complaint at ¶ 12. Furthermore, it is undisputed that the defendants are in violation of the consent decree and in violation of permits that the Louisiana Department of Environmental Quality ("LDEQ") issued *subsequent* to the decree's entry. Amended Complaint at ¶¶ 1, 35.

2. The Defendants also rely on an EPA letter from March 25, 2010. In a subsequent letter, however, EPA withdrew the substantive language that the Defendants rely on. EPA explained, "Neither the Department of Justice (DOJ), nor the EPA, is vested with legal authority under the CWA to determine the standing of a citizen action. . . . Thus, EPA officially withdraws those statements set forth in the second paragraph of the letter dated March 25, 2010, which assert that EPA has determined that the Claims for Relief alleged in the Citizen Suit are barred under the CWA." EPA Letter (April 1, 2010). Exhibit A. The fact that this Court – not EPA or DOJ – makes decisions about when a citizen suit is appropriate is illustrated by the Fifth Circuit's rejection of DOJ's "res judicata" analysis in Envtl. Conservation Org. v. City of Dallas, 529 F.3d at 525.

3. The Defendants' argument that the mere existence of a government consent decree bars citizen enforcement is clearly wrong, since the U.S. Supreme Court overturned the dismissal of a citizen suit while acknowledging the existence of a government settlement of a lawsuit. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 177 (U.S. 2000) ("On June 9, 1992, the last day before FOE's 60-day notice period expired, DHEC and Laidlaw reached a settlement requiring Laidlaw to pay $100,000 in civil penalties and to make 'every effort' to comply with its permit obligations.")

4. Under the Defendants' theory, the 2002 consent decree gives them a free pass to violate the Clean Water Act until January 15, 2015, *regardless* of whether the Defendants comply with interim standards in the decree and *regardless* of compliance with subsequently issued permits. Thus, a Baton Rouge resident born in 2002 near one of these problematic plants would be 12 or 13 years old before enjoying the protections that Congress mandated for all Americans in the Clean Water Act. Such a result would be unjust and inconsistent with the law.

**WHEREFORE**: Because the Defendants' Reply relies on an analysis superseded by Fifth Circuit precedent and on a letter that EPA has withdrawn, and for the reasons set forth in the Plaintiff's Opposition (No. 10) the Defendants' Motion to Dismiss should be DENIED.

Respectfully submitted on July 29, 2010,

s/ Adam Babich

_____
Adam Babich, La. Bar No. 27177
Tulane Environmental Law Clinic
6329 Freret Street
New Orleans, LA 70118-6321
Phone: (504) 865-5789; direct dial 862-8800
Fax: (504) 862-8721
*Counsel for Plaintiff Louisiana Environmental Action Network*

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel of record by electronic means on July 29, 2010.

/s/ Adam Babich

_____
Adam Babich, SBN: 27177

Service list:  Robert H. Abbott , III
Office of the Parish Attorney
222 St. Louis St., Suite 902
Baton Rouge, LA 70802
225-389-3114 // Fax: 225-389-5554
Email: babbott@brgov.com



EXHIBIT A

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
REGION 6
1445 ROSS AVENUE, SUITE 1200
DALLAS, TEXAS 75202-2733

By first class U.S. mail and electronic mail:

Marylee Orr
Louisiana Environmental Action Network
162 Croydon Avenue
Baton Rouge, LA 70806
Phone: (225) 928-1315

Adam Babich
Tulane Environmental Law Clinic
6329 Freret Street
New Orleans, LA 70118
Phone: (504) 865-5789

Re: <u>Louisiana Environmental Action Network v. Baton Rouge</u>; Withdrawal of Letter dated March 25, 2010, Issued by the Environmental Protection Agency, Region 6; Civil Action No 3:10-cv-00187-JVP-SCR

Dear Mrs. Orr and Mr. Babich:

    Region 6 of the Environmental Protection Agency ("EPA") has reexamined the letter dated March 25, 2010, sent by the EPA to the Louisiana Environmental Action Network ("LEAN") and the Tulane Environmental Law Clinic ("Citizen Groups") regarding the lawsuit filed by the Citizen Groups against the City of Baton Rouge on March 22, 2010 ("Citizen Suit") and your letters dated November 24, 2009 ("Notices of Intent"). This correspondence attempts to address concerns raised by you after receipt of the letter.

    After further review of the Citizen Suit, Notices of Intent, and applicable provisions set forth in the Clean Water Act (CWA) which address citizen suit actions, EPA acknowledges that only the proper district court of the United States shall have jurisdiction over a civil action brought by citizen group. CWA Section 505(a), 33 U.S.C. § 1365(a). Neither the Department of Justice (DOJ), nor the EPA, is vested with legal authority under the CWA to determine the standing of a citizen action. EPA did not intend to exceed or usurp the authority provided by statute. Thus, EPA officially withdraws those statements set forth in the second paragraph of the letter dated March 25, 2010, which assert that EPA has determined that the Claims for Relief alleged in the Citizen Suit are barred under the CWA.

    EPA and DOJ are charged with ensuring compliance with the CWA and regulations. The wastewater treatment plants and associated collection systems operated by the City of Baton Rouge are no exception, as EPA and DOJ seek to return these systems to compliance as soon as possible. EPA and DOJ believe the compliance issues can be resolved through ongoing judicial action, and fully intend to address compliance concerns identified by the Citizen Groups to the greatest extent possible. We welcome your involvement and input. If the government cannot address your concerns, then the Citizen Groups will have all legal remedies afforded through the citizen suit process, and district court, available to them. If you would like to contact EPA concerning this letter, please contact me at (214) 665-2718.

Sincerely,

                              *Scott McDonald*

                              Scott McDonald, Chief
                              Water Enforcement Branch
                              Office of Regional Counsel


Enclosure

cc:     Robert H. Abbott III, Esq., Baton Rouge
        Ted R. Broyles, II, Esq., Louisiana Department of Environmental Quality
        Michael T. Donnellan, Esq., U.S. Department of Justice